**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHRISTOPHER JONES, | : | |
|  | : | Civil Action No. 14-4684(NLH) |
| Petitioner, | : | |
|  | : | |
| v. | : | **MEMORANDUM OPINION** |
|  | : | |
| PATRICK A. NOGAN, | : | |
|  | : | |
| Respondent. | : | |

**APPEARANCES:**

Christopher Jones
East Jersey State Prison
Lockbag R
Rahway, NJ  07065
     Petitioner pro se

**HILLMAN,** District Judge

     Petitioner Christopher Jones, a prisoner confined at East Jersey State Prison in Rahway, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for resisting arrest and related offenses.

The Form of the Petition

     Pursuant to Local Civil Rule 81.2:

     Unless prepared by counsel, petitions to this Court

>   for a writ of habeas corpus ... shall be in writing
>   (legibly handwritten in ink or typewritten), signed by
>   the petitioner or movant, on forms supplied by the
>   Clerk.

L.Civ.R. 81.2(a).  Petitioner did not use the habeas form supplied by the Clerk for Section 2254 petitions, i.e., "AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014)."

In addition, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that the petition specify all the petitioner's grounds for relief, state the facts supporting each ground, and state the relief requested, in substantially the form required by the local rules.  Here, instead of clearly setting forth his grounds for relief and the facts supporting each ground, Petitioner references a 24-page attachment, consisting primarily of a rambling exposition on constitutional law, with exhibits, including a separate 19-page affidavit, none of which clearly sets forth Petitioner's grounds for relief and the facts supporting each ground.

Finally, the attachments to the Petition reflect that Petitioner was sentenced on or about August 1, 2013, that his public defender filed a Notice of Appeal in the Superior Court of New Jersey, Appellate Division, and that the appeal was withdrawn sometime after May 1, 2014, pursuant to Petitioner's instructions.  This Petition is dated July 23, 2014, less than

two months later.  Accordingly, it does not appear that Petitioner has exhausted any of his claims in state court.  See 28 U.S.C. § 2254(b)(1)(A).

<u>The Filing Fee</u>

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed <u>in forma pauperis</u>, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed <u>in forma pauperis</u>.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition.  Instead, Petitioner submitted an application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a)(1); however, the application fails to set forth Petitioner's assets

and liabilities and Petitioner's institutional account information was not certified by an authorized officer of the institution as required by Local Civil Rule 81.2(b).

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

Conclusion

For all of the foregoing reasons, this Court will administratively terminate this Petition.  Petitioner will be granted leave to apply to re-open.  Any such application must be accompanied by an amended petition, on the proper form supplied by the Clerk, which must (1) clearly set forth each separate ground for relief and the facts supporting each ground for relief and (2) clearly set forth the manner in which Petitioner exhausted each ground for relief in state court or the facts which make state procedures unavailable or ineffective, see 28 U.S.C. § 2254(b)(1)(B).

In addition, the application for leave to proceed in forma pauperis will be denied without prejudice.  Any application to re-open this matter also must be accompanied by either (1) the

4

$5.00 filing fee or (2) a complete application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, on the proper form supplied by the Clerk, accompanied by the required certified institutional account information.

An appropriate Order will be entered.


At Camden, New Jersey                    s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated:  July 29, 2014